IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
U.S. DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 16 2001

CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| CRYSTEL L. MENEFEE, ) | |
| ) | |
| Plaintiff-Intervenor, ) | |
| ) | |
| v. ) | No. CIV 00-1656 JP/RLP ACE |
| ) | |
| THE NEW MEXICO DEPARTMENT ) | |
| OF PUBLIC SAFETY, ) | |
| ) | |
| Defendant. ) | |

**CONSENT DECREE BETWEEN THE UNITED STATES OF AMERICA
AND
THE NEW MEXICO DEPARTMENT OF PUBLIC SAFETY**

This action was brought by the United States against the New Mexico Department of Public Safety ("the Department" or "DPS") to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., as amended ("Title VII"), following receipt by the United States from the Equal Employment Opportunity Commission ("EEOC") of a charge of discrimination filed by Crystel L. Menefee (EEOC charge no. 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). This Court has jurisdiction over this action under 42 U.S.C. §2000e-5(f) and 28 U.S.C. §§1331, 1345.

In its complaint, the United States alleges that the Department discriminated against Crystel L. Menefee, a female former employee of the State Police Division of the New Mexico

Department of Public Safety, because of her sex in violation of Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a), among other ways, by:

    a.    subjecting Ms. Menefee to sexual harassment which created an intimidating, hostile or offensive work environment and which adversely affected the terms, conditions and privileges of Ms. Menefee's employment; and

    b.    failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment.

The Department denies that it has discriminated against Ms. Menefee in violation of Title VII. Nevertheless, the United States and the Department, desiring that this action be settled by an appropriate Consent Decree, and without the burden of protracted litigation, agree to the jurisdiction of this Court over the parties, and the subject matter of this action. The parties also hereby waive, for purposes of this Consent Decree only, hearings and findings of fact and conclusions of law on all issues, and further agree to the entry of this Consent Decree as final and binding between them with regard to the issues raised in the complaint filed by the United States in this case.

This Consent Decree, being entered into with the consent of the United States and the Department, shall in no way constitute

an adjudication or finding on the merits of the case, nor be construed as an admission by the Department or a finding of any wrongdoing or violation of any applicable federal law or regulation.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

For purposes of this Consent Decree, the date of entry of the Consent Decree shall be the date on which the Court approves and signs this Consent Decree as an order of the Court.

### GENERAL RELIEF

1. The Department, by and through its officials, agents, employees and all persons in active concert or participation with the Department in the performance of employment or personnel functions, shall not engage in any act or practice that has the purpose or effect of unlawfully discriminating against any employee because of that employee's sex.

2. The Department shall not retaliate against or in any way adversely affect the terms and conditions of employment of any person because that person has opposed any practice made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., filed a charge with the EEOC, or testified, assisted or participated in any manner in an investigation, proceeding or hearing under Title VII, including this case or this Consent Decree.

3. Within 60 days after the date of entry of this Consent

Decree, the Department shall implement the sexual harassment, racial harassment and anti-retaliation policy ("sexual harassment policy"), attached as Exhibit 1.[1]  The Department shall incorporate this Policy into its policy manual at the next regular printing of that manual.

4.  The Department shall ensure that a copy of the attached sexual harassment policy is distributed to all of its current employees upon its implementation.

5.  Upon its implementation the Department shall make available to its employees the sexual harassment policy by, <u>inter alia</u>, posting it in all buildings, facilities and administrative offices of the Department which are commonly used for posting notices, including but not limited to all offices, districts, subdistricts and facilities of the New Mexico State Police.

6.  The Department shall ensure that each new employee receives a copy of the sexual harassment policy at the time of the new employee's hire.  Each new employee shall sign an acknowledgment that s/he has read and understood the sexual harassment policy, and this acknowledgment shall be placed in each employee's personnel file.

7.  The Department shall implement the Sexual Harassment, Racial Harassment and Retaliation Complaint Investigation and

---

[1] The attached policy concerns both sexual and racial harassment.  There are no allegations of racial harassment in this case.

Resolution Procedure ("the Investigations Procedure") attached hereto as Exhibit 2 within 60 days after the date of entry of this Consent Decree. DPS is not required to disseminate or train non-supervisory employees with regard to the Investigations Procedure as set out in paragraphs 4, 5, 6, 8 or 9. DPS shall train its supervisory personnel on the Investigations Procedure as provided in paragraph 10.

8. The Department shall provide a minimum of eight (8) hours of mandatory live anti-sexual and racial harassment and discrimination training to all recruits during the course of the recruit training academy. At least four hours of the training shall be conducted by a trainer approved by the United States and shall include a review of employment discrimination laws, the Department's sexual harassment policy, behavior that may constitute sexual and racial harassment and retaliation and the procedures for filing a complaint. No recruit shall be exempted from this training requirement for any reason.

9. The Department shall provide mandatory live anti-sexual and racial harassment training to all employees and supervisors on an annual basis for the life of this Consent Decree. The training shall be conducted by a trainer approved by the United States and shall include a review of employment discrimination laws, the Department's sexual harassment policy, behavior that may constitute sexual and racial harassment and retaliation and

the procedures for filing a complaint. No employee shall be exempted from this training requirement for any reason. Any employee who fails to attend the live training shall be required to watch a video replay as soon thereafter as possible. The Department shall conduct at least two trainings for all employees during the life of this Consent Decree, the first to be held within 120 days of the date of entry of the Consent Decree.

10. The Department shall provide an additional annual training by a trainer approved by the United States to all supervisors regarding (1) their specific obligations under the Department's sexual and racial harassment policy; (2) their obligations under the Department's Investigations Procedure; (3) preventing and detecting sexual and racial harassment and (4) Departmental liability issues related to sexual and racial discrimination claims. The Department shall conduct at least two trainings for all supervisors during the life of this Consent Decree, the first to be held within 120 days of the date of entry of the Consent Decree.

11. The Department shall retain the following records during the life of this Consent Decree or as otherwise required by applicable federal record retention requirements:

    a.    the provisions of any policy on sexual harassment, then in effect, and a record of the effective date or dates of those provisions;

b. any posted notices or poster(s) displayed in Department work areas intended to convey information regarding the prohibition of sexual harassment in the workplace, as provided for in this Consent Decree.

c. all documents that come into the Department's possession involving written complaints, and documents constituting the Department's investigation and resolution, of (i) discrimination in employment on the basis of sex; (ii) retaliation because a person has testified or assisted in any manner, and (iii) the Department's investigation and resolution of any such complaints.

d. records of the trainings conducted, as provided for in this Consent Decree, including dates of all trainings and make-up sessions, attendance lists for all trainings and make-up sessions, lists of individuals who fail to attend scheduled trainings or make-up sessions, all training materials and videotapes of all training sessions.

12. For purposes of this Consent Decree, the Department shall report to the United States twice a year. The reporting periods shall run from January 1 through June 30, and from July 1 through December 31 of each year, with the exception that the first reporting period shall begin as of the date of entry of

this Consent Decree and end on December 31, 2001 and the final reporting period shall run from January 1, 2003 until 60 days prior to the expiration of this Consent Decree. Within 30 days after the close of each reporting period, the Department shall provide to the United States copies of the materials required to be retained pursuant to the requirements of this Consent Decree.

13. The United States shall have the right to inspect and copy any documents aside from the semi-annual reports specified in this Consent Decree that are relevant and necessary to monitor the Department's compliance with this Consent Decree, upon thirty (30) days notice to the Department, without further order of this Court.

### SPECIFIC RELIEF

14. The matter of specific relief for Crystel L. Menefee has been resolved separately.

### DISPUTES

15. The parties to this Consent Decree shall attempt to resolve informally any disputes that may occur under this Consent Decree. If the United States and the Department are unable to reach agreement after informally seeking to resolve a dispute, the issue may be submitted by either party to the Court for resolution.

16. All documents required to be delivered under this Consent Decree to the United States shall be sent to the

attention of:

>Larry G. Ward, Esq.
>U.S. Department of Justice
>Civil Rights Division
>Employment Litigation Section
>601 D Street, N.W., Room 4916
>Washington, D.C. 20004.

17. All documents required to be delivered under this Consent Decree to the Department shall be sent to the attention of:

>Ellen S. Casey, Esq.
>218 Montezuma/P.O. Box 2068
>Hinkle, Hensley, Shanor & Martin, L.L.P.
>Santa Fe, New Mexico  87504-2068

>John Wheeler, II, Esq.
>Chief Counsel
>NM Department of Public Safety
>P.O. Box 1628
>Santa Fe, New Mexico 87504-1628

## RETENTION OF JURISDICTION

18. The Court shall retain jurisdiction over this Consent Decree for the purpose of resolving any disputes or entering any orders that may be necessary to implement the relief provided in the Consent Decree.

19. This Decree shall terminate two (2) years from the date of its entry. Prior to its termination, any party may, upon notice to the other party and for good cause shown, move the court for an extension of the Decree's term.

20. The parties should bear their own costs in this action, including attorney's fees, except that the parties shall retain

the right to seek costs for any matter which, in the future, may arise from this Decree and require resolution by the Court.

IT is so ORDERED, this _____ day of _____, 2001.

*[signature]*
Honorable James A. Parker
Chief United States District Judge
District of New Mexico

The signatures of the parties follow on the next page.

| | |
|---|---|
| AGREED AND CONSENTED TO:<br>For the United States,<br>Plaintiff | For New Mexico Department of<br>Public Safety, Defendant |

Ralph Boyd
Assistant Attorney General

BY: *[signature: Larry G. Ward]*

Larry G. Ward (DC Bar 4191)
Claire L. Gregory (NH Bar 4063)
Employment Litigation Section
Civil Rights Division
U.S. Department of Justice
601 D Street, N.W.
Washington, D.C. 20004
(202) 514-3862

BY: *[signature: Nicholas Bakas]*

Nicholas Bakas
Secretary
New Mexico Department
of Public Safety
P.O. Box 1628
Santa Fe, NM 87504-1628
(505) 827-3370

---

Norman C. Bay
United States Attorney
District of New Mexico

*[signature: Jan Elizabeth Mitchell]*

Jan Elizabeth Mitchell
Assistant United States Attorney
District of New Mexico
201 3rd St., NW, Suite 900
Albuquerque, NM 87102
(505) 224-1472

THE EXHIBITS ATTACHED TO THIS PLEADING ARE TOO VOLUMINOUS TO SCAN. SAID EXHIBITS ARE ATTACHED TO THE ORIGINAL PLEADING IN THE CASE FILE WHICH IS LOCATED IN THE RECORDS DEPARTMENT, U.S. DISTRICT COURT CLERK'S OFFICE.